## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN WELKER,<br><br>    Plaintiff,<br><br>    v.<br><br>SONNY PERDUE, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE (FOREST SERVICE), AGENCY,<br><br>    Defendant. | Case No. __1:17-cv-230 SPB__<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff, Nathan Welker by and through his attorney, Katelyn Souders, Esq., of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this action under Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*. Plaintiff is over the age of 40 and has suffered an adverse employment action due to his age. Plaintiff is a male and was unfairly discriminated against because of his gender.

### II. Parties

2. Plaintiff, Nathan John Welker ("Plaintiff"), is an adult individual who currently resides at 794 South Main Street, Russell, PA 16345.

3. Defendant, the United States Department of Agriculture (Forest Service), ("Defendant") is a government agency located at 1400 Independence Ave., S.W. Washington, DC

20250. The location of Defendant where Plaintiff works is 4 Farm Colony Drive, Warren PA 16265.

### III. Jurisdiction and Venue

4. This action arises under the statutes cited in Section I "Nature of the Action". This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

6. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### IV. Facts

7. Plaintiff has been working with the United States Forest Service since March 22, 2004 as a Biological Science Technician (Fisheries) in the Ecosystems Management Team.

8. At the time of Defendant's discriminatory acts against Plaintiff, Plaintiff was 44 years old.

9. During the period at issue, Plaintiff worked as a Biological Science Technician (Fisheries).

10. In May of 2014, James Seyler (Mr. Seyler) filed a complaint against Nadine Pollock (Ms. Pollock).

   a. Mr. Seyler was in a romantic relationship with Collin Shephard (Ms. Shephard) at the time the complaint was filed.

   b. Plaintiff agreed to testify against Mr. Seyler and in favor of Ms. Pollock.

      c. It was known by Mr. Seyler and Ms. Shephard that Plaintiff had agreed to testify against Mr. Seyler.

11. Following Plaintiff's agreement to testify against Mr. Seyler he has been treated in a rude and unfair manner and has suffered adverse employment decisions.

12. In the summer of 2014, Ms. Shephard was promoted to be Plaintiff's supervisor.

13. In 2014, Plaintiff received a Performance Review that was not reflective of his efforts.

14. Following this, Plaintiff received the Karl Mason Award for being one of the exemplary leaders for environmental management by the Pennsylvania Association of Environmental Professionals.

      a. Typically, a monetary bonus is given for such an achievement, however, Plaintiff did not receive any.

15. On or about October 17, 2015, Mr. Seyler threatened Plaintiff by stating he wanted to "take him [plaintiff] outside."

16. Mr. Seyler also commented on Plaintiff's clothing in a negative way.

17. Plaintiff repeatedly notified his supervisors, Ms. Pollock and Sherry Tune (Ms. Tune) of what happened.

18. Again, in 2015, Plaintiff received a performance review that was not reflective of his efforts.

19. On June 27, 2016, Plaintiff applied for the Aquatic Ecologist Position in the Allegheny National Forest ("ANF") Supervisor's Office, GS-408-9/11, Job Announcement No. 16-0919-258555FS-SG.

20. Adam Gilles (Mr. Gilles) also applied for the position.

21. Mr. Gilles is approximately 31 years of age.

22. Mr. Gilles qualifications are as follows:

    a. Mr. Gilles was hired as a GS-9 "Trainee."

    b. Mr. Gilles has an undergraduate degree in History.

    c. Mr. Gilles has been employed as a Graduate Teaching Assistant in the Eastern Washington University, Department of Biology in 2015 and 2016.

    d. Mr. Gilles has represented that his previous experience is not related to aquatics.

    e. Previous to his hiring, Mr. Gilles has never worked in the northeastern United States but has experience in tropical climates.

    f. Previous to his hiring, Mr. Gilles has never worked in Pennsylvania, for the United States Forest Service, in northeastern U.S. ecosystems, or with fish or mussels.

    g. Mr. Gilles does not have experience working as an aquatic ecologist or as a scientific diver.

23. However, Plaintiff's qualifications are as follows:

    a. Plaintiff was pre-qualified to be hired as a GS-11 Specialist.

    b. Plaintiff has a Bachelor's Degree in Environmental Science and Biology.

    c. Plaintiff has a Master's Degree in Biology, specifically focusing on Fisheries.

    d. Plaintiff has more than 20 years-experience working in aquatic ecology.

    e. Plaintiff has spent over 12 years working as a de facto aquatic ecologist in the ANF, and prior to that spent four years as a water pollution biologist and project manager for the State of Pennsylvania working in the ANF.

    f. Plaintiff has lived and worked in the ANF for over 30 years of his life.

g. Plaintiff has spent of 13 years working to keep the ANF in compliance with federal, state and local laws, policies, and regulations.

h. Plaintiff has been awarded the following on a national and regional level previous to Ms. Shephard becoming his supervisor:

   i. PA Association of Environmental Professional's 2014 Karl Mason Award for being one of the exemplary leaders for environmental management

   ii. The National Rise to the Future Award in 2014 for "Collaborative/Integrated Aquatic Stewardship"

   iii. Warren County Chamber of Business and Industry's "2013 Excellence in Community Development Award"

   iv. PA Wild's 2012 "Champion of the PA Wild's"

   v. 2007 Eastern Region Honor Award: "Hydrologist of the Year"

i. Plaintiff has been a positive catalyst for change through the following efforts:

   i. Plaintiff created and continues to lead the Allegheny Reservoir Cleanup.

   ii. Plaintiff partnered with the ANF's hydrologist to establish the Allegheny Watershed Improvement Needs Coalition.

   iii. Plaintiff created and continues to lead the Allegheny River Cleanup and is the chair of its event.

   iv. Plaintiff established the ANF Scientific Diving Program and serves as the Unit Dive Safety Officer, as well as created the regional scientific dive team.

  v. Plaintiff has served in nine different Conservation Efforts on the Local, State, Regional, and National Level.

j. Plaintiff has extensive knowledge of Fish and Freshwater Mussels in the ANF.

k. Plaintiff began working as a scientific diver in 1994 and is a certified master diver who has many years of experience in scientific diving.

l. Plaintiff has worked in the position that he applied for in 2015 in a 120-day detail.

m. In 2012 and for three years following, Plaintiff was the only fisheries biologist/aquatic ecologist in the ANF and was involved in the following:

  i. Annual Budgets;

  ii. Program of Work for the ANF; and

  iii. Lake and Stream Accomplishment Reporting;

n. Plaintiff has had over 18 years of relevant experience in Aquatic Species and Ecosystems by participating in the following:

  i. Backpack Electrofishing;

  ii. Night Boat Electrofishing;

  iii. Macroinvertebrate Sampling;

  iv. Mussel Surveys;

  v. Salamander Surveys;

  vi. Gill Net Surveys; and

  vii. Harmful Algae Blooms.

o. Plaintiff has managed ANF's aquatic survey inventory since 2004 by:

  i. Converting paper files to an in-house electronic database; and

      ii. Converting the in-house database to the USFS's National NRM System.

   p. Plaintiff has participated in many different aquatic efforts including but not limited to:

      i. USACE and PFBC Cooperative Survey;

      ii. Lock Haven University Challenge Cost-Share Agreement;

      iii. PFBC Good Neighbor Agreement; and

      iv. Serving on the board of directors for two different local environmental organizations.

24. Plaintiff's supervisor, Ms. Shephard, was 32 years of age at the time the discriminatory acts took place.

25. Carrie Gilbert (Ms. Gilbert), the lead on the hiring committee was 36 years of age at the time the discriminatory acts took place.

26. Ms. Shephard was contacted by Ms. Gilbert prior to the hiring process.

27. However, on August 22, 2016, ANF Forest Supervisor, Sherry Tune (Ms. Tune), called to inform Plaintiff that he had not been selected for the Aquatic position, but Mr. Gilles had been selected instead.

28. Following his non-selection, Plaintiff spoke with Ms. Tune to discuss why he had not been selected, at that meeting Ms. Tune informed Plaintiff that if he wanted to be promoted he would "need to move" off of the ANF.

29. Furthermore, over the course of his employment Plaintiff has been treated differently because he is a male.

30. The chain of command Plaintiff directly reports to is almost entirely comprised of females.

31. Males are consistently excluded from work-related activities where women build relationships and networking opportunities.

32. For example, the women in Plaintiff's office have historically taken a yearly retreat from which men are excluded.

33. Women participate in activities such as "Fabric Fridays" and "Running Revolution," where men are not permitted to attend.

34. Because of this, Plaintiff has missed out on necessary relationship building and networking.

35. Furthermore, females get the first chance at opportunities that arise in the office and are treated more favorably than men.

36. Recently, in further retaliation for his decision to agree to testify against Mr. Seyler, Plaintiff has suffered the following:

   a. Plaintiff's role as the Eastern Region Scientific Diving Coordinator was eliminated.

   b. Plaintiff has been subjected to unfair management inquiries.

      i. Plaintiff is specifically being investigated for an incident arising out of an argument with a Forest Protection Officer with which several others were involved.

      ii. As a result, Plaintiff was informed two weeks before he was supposed to leave for a planned work trip that because of the investigation he was not permitted to go.

      iii. Therefore, Plaintiff has lost out on this opportunity, and has lost the income of around $4,000 dollars that he would have made on the trip.

        iv. Plaintiff is also being investigated for an incident where he had a run-of-the-mill disagreement with the manager of a hydropower facility.

        v. Plaintiff acted in a professional manner; however, he is being subjected to a management inquiry.

    c. Previous to this, Plaintiff has not been investigated for anything.

## V. Causes of Action

### Count I
### Age Discrimination in Violation of the ADEA and PHRA

37. All other paragraphs of this pleading are incorporated herein as if set forth at length.

38. Defendant constitutes an "employer" within the meaning of ADEA and the PHRA.

39. Plaintiff was an employee of Defendant within the meaning of ADEA and the PHRA.

40. Plaintiff is over forty (40) years of age.

41. Plaintiff's Supervisor is 33 years old.

42. Ms. Gilbert, the lead in making the aquatic position hiring decision is also under the age of 40.

43. Plaintiff was fully qualified to perform the job that he applied for.

44. Defendant engaged in unlawful discrimination in violation of the ADEA and PHRA in the following ways:

    a. Defendant refused to promote Plaintiff due to his age.

    b. Mr. Gilles is a younger, similarly-situated employee and was promoted over Plaintiff.

    c. Plaintiff was widely more qualified for the Aquatic position that he and Mr. Gilles applied for.

45. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

## Count II
### Gender Discrimination under Title VII and the PHRA

46. All other paragraphs of this pleading are incorporated herein as if set forth at length.

47. Defendant constitutes an "employer" within the meaning of Title VII and the PHRA

48. Plaintiff was an employee of Defendant within the meaning of Title VII and the PHRA.

49. Plaintiff is a male.

50. Because Plaintiff's command is almost entirely female and given the totality of the circumstances, he was treated differently because of his gender.

51. Plaintiff was qualified for the position he was in.

52. Defendant engaged in unlawful discrimination in violation of Title VII and PHRA in the following ways:

    a. He was left out of relationship building and networking activities.

    b. He was treated less favorably in employment decisions because he is a male.

    d. However, women were treated more favorable in similar circumstances.

53. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

## Count III
### Retaliation in Violation of Title VII the PHRA

54. Defendant constitutes an "employer" within the meaning of Title VII and the PHRA.

55. Plaintiff was an employee of Defendant within the meaning of Title VII and the PHRA.

56. Plaintiff engaged in a protected activity when he agreed to testify for Ms. Pollock.

57. Ms. Shephard and Plaintiff's other supervisors were aware that Plaintiff agreed to testify.

58. Defendant engaged in unlawful retaliation in violation of Title VII and the PHRA in the following ways:

   a. He was threatened physically.
   b. He was insulted.
   c. He was given unfair performance reviews.
   d. He was not appropriately awarded for his achievements.
   e. He was not given the promotion that he was qualified for.
   f. He has been subjected and is still continuing to be subjected to two unfair management inquiries.
   g. He was no longer given the support of his supervisor in receiving awards.

59. Given that the retaliatory treatment began soon after Plaintiff agreed to testify and has continued until now, it is clear that there is a causal connection between his participation and the previously listed adverse actions.

60. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

**Request for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against the Defendant for all damages and other remedies for which Plaintiff is entitled to under each of the statutes cited in each of the above counts, including but not limited to the following:

a. Loss of wages/back pay;

b. Front pay as deemed appropriate by the court;

c. Compensatory, punitive and/or liquidated damages against the Defendant as allowed by law;

d. Plaintiff's legal fees and expenses;

e. Pre-judgment and continuing interest;

f. Court costs; and

g. Other such relief as the Court may deem appropriate.

Respectfully Submitted,

*/s/ Katelyn Souders*
Katelyn Souders, Esquire
Pa. Id. No. 322982
KRAEMER, MANES & ASSOCIATES, LLC
U.S. Steel Tower 48th Floor
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
412.626.5595 (p)
412.282.6050 (f)
ks@lawkm.com