IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN WELKER, | ) | |
|     Plaintiff | ) | C.A. No. 17-230 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| SONNY PERDUE, SECRETARY, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE (FOREST SERVICE), | ) | |
| AGENCY, | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION**[1]

United States Magistrate Judge Susan Paradise Baxter

**I.    INTRODUCTION**

    **A.    Relevant Procedural History**

On August 22, 2017, Plaintiff Nathan Welker filed a complaint against Defendant Sonny Perdue, Secretary, United States Department of Agriculture (Forest Service), Agency ("USDA"), asserting three claims: (1) a claim of age discrimination pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"); (2) a gender discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the PHRA; and (3) a claim of retaliation under Title VII and the PHRA. As relief for his claims, Plaintiff seeks monetary damages.

Defendants have filed a motion to dismiss Plaintiff's complaint [ECF No. 8], contending that Plaintiff's PHRA claims should be dismissed for lack of subject matter jurisdiction, and that Plaintiff's Title VII and ADEA claims should be dismissed because Plaintiff failed to timely

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF No. 16].

1

exhaust his administrative remedies. In response, Plaintiff has filed a brief in opposition to Defendant's motion arguing that equitable tolling should apply to allow his untimely administrative filings to be deemed sufficient for exhaustion purposes [ECF No. 13].[2] Since both parties have submitted a number of documents in support of their briefs in this matter, which the Court has reviewed and considered, Defendant's motion to dismiss Plaintiff's federal discrimination claims will be treated as a motion for summary judgment pursuant to Rule 56, in accordance with Fed.R.Civ.P. 12(d). This matter is now ripe for consideration.

### B. Relevant Factual History

Plaintiff, a white male over 40 years of age, has been a Biological Science Technician (Fisheries) for the USDA Forest Service, at the Allegheny National Forest, since March 22, 2004. (ECF No. 1, Complaint, at ¶¶ 1, 7; ECF No. 9, Defendants' Brief, at p. 1). In May 2014, James Seyler ("Seyler"), an Operations Staff Officer at the Allegheny National Forest, filed a complaint against Nadine Pollock ("Pollock"), who was Plaintiff's first-line supervisor at the time. (ECF No. 1, at ¶ 10; ECF No. 9, at p. 1). Plaintiff agreed to testify on behalf of Pollock against Seyler, a fact that was allegedly known by Seyler. (ECF No. 1, at ¶¶ 10b-10c). When Seyler filed the complaint, he was allegedly in a romantic relationship with Collin Shephard ("Shephard"), a forest ecologist at the time. (ECF No. 1, at ¶ 10a; ECF No. 9 at p. 1). Shephard, who was 32 years of age, subsequently became Plaintiff's supervisor in the summer of 2014. (ECF No. 1, at ¶¶ 12, 24).

Plaintiff alleges that, after she became his supervisor, Shephard retaliated against him for having been willing to testify in favor of Pollock. The alleged retaliation included unfair performance evaluations for fiscal years 2014 and 2015. (ECF No. 1, at ¶¶ 13, 18). Plaintiff also

---

[2] Notably, Plaintiff has failed to respond to Defendant's motion to dismiss his PHRA claims on jurisdictional grounds.

alleges that, on or about October 17, 2015, Seyler threatened Plaintiff by stating he wanted to "take him outside," and made negative comments about Plaintiff's clothing. (Id. at ¶¶ 15-16).

In June 2016, Plaintiff applied for the GS-401-9/11 Aquatics Ecologist position in the Allegheny National Forest ("ANF") Supervisor's Office. (Id. at ¶ 19). Adam Gilles ("Gilles"), a younger male approximately 31 years of age, also applied for the position. (Id. at ¶¶ 20-21). Plaintiff alleges that his qualifications were far superior to those of Gilles. (Id. at ¶¶ 22-23). Nonetheless, on August 22, 2016, Plaintiff was informed by ANF Forest Supervisor Sherry Tune ("Tune") that the hiring committee, led by a 36-year old woman, Carrie Gilbert, selected Gilles for the position. (Id. at ¶¶ 25, 27). When Plaintiff asked Tune why he had not been selected, Tune allegedly replied that, if he wanted to be promoted, he would "need to move off" of the ANF. (Id. at ¶ 28).

### C. Standards of Review

#### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. Id.; Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are

3

merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007).

But when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000) citing Mortensen, 549 F.2d at 891. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.; cf. Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007) ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

### 2.     **Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the

4

initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations

omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

## II.  DISCUSSION

### 1.  PHRA Claims

Defendant contends that Plaintiff's PHRA claims must be dismissed for lack of subject matter jurisdiction because the USDA is a federal agency that may not be sued without its consent. The Court agrees.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). In the context of employment discrimination litigation, the United States Supreme Court has held that Title VII "is the exclusive, preemptive administrative and judicial scheme for the redress of federal employment

discrimination." Brown v. General Services Administration, 425 U.S. 820, 829 (1976). See also Reiser v. New Jersey Air Nat. Guard, 152 Fed.Appx. 235, 239 (3d Cir. 2005) ("The Supreme Court has held that a federal employee's right to seek a remedy for alleged sex discrimination is limited exclusively to Title VII"); Mathis v. Henderson, 243 F.3d 446, 450-51 (8th Cir. 2001), citing Pfau v. Reed, 125 F.3d 927, 33 (5th Cir. 1997) ("[w]hen the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim"). Thus, "any claim against [] federal defendants based on the PHRA must be dismissed for lack of subject matter jurisdiction because the federal government has not waived sovereign immunity with respect to state anti-discrimination laws." Wilson v. MVM, Inc., 2004 WL 765103, at *12 (E.D.Pa. Apr. 1, 2004), citing Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999). Plaintiff's PHRA claims will be dismissed, accordingly.

### 2. Exhaustion of Administrative Remedies

Under Title VII and the ADEA, a claimant must first exhaust his administrative remedies before filing suit in federal court. Spence v. Straw, 54 F.3d 196, 200 (3d Cir.1995) (Title VIII); Purtill v. Harris, 658 F.2d 134, 138-39 (3d Cir. 1981) (ADEA). Failure to exhaust administrative remedies is akin to a failure to comply with a statute of limitations. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir.1997). Administrative remedies are designed to ensure that an agency gets the first opportunity to resolve a discrimination charge, while leaving the claimant with a federal court remedy if the agency sits on the claim or ultimately denies relief.

The administrative procedure at issue here is the 15-day window for filing a formal complaint after notice of a right to file a formal charge is received. 29 C.F.R. § 1614.106(b). A failure to comply with this 15-day period is grounds for dismissal of a tardy complaint, and constitutes a failure to exhaust administrative remedies.

7

The record evidence indicates that Plaintiff initiated contact with an EEO Counselor on September 6, 2016, and received a Notice of Right to File ("NRF") a formal individual EEO complaint, dated October 6, 2016, notifying him that he had the right to file a formal EEO complaint within fifteen (15) calendar days of his receipt of the NRF. (ECF No. 9, Defendants' Brief, at p. 3; ECF No. 13, Plaintiff's Brief, at p. 3; ECF Nos. 9-1 and 9-2). Plaintiff received the NRF by certified mail on October 21, 2016. (ECF No. 9-2, at p. 6). On December 5, 2016, Plaintiff sent an e-mail to the USDA Office of the Assistant Secretary for Civil Rights ("OASCR"), explaining that he submitted a FOIA request regarding his non-selection to the Forest Service on September 27, 2016, but had not yet received any response. (ECF No. 9-3). Plaintiff ultimately filed a formal EEO complaint on December 15, 2016, via e-mail. (ECF No. 9-4; ECF No. 14-1, at pp. 15-16). On February 13, 2017, OASCR issued a Final Agency Decision ("FAD") dismissing the EEO complaint for two reasons. (ECF No. 9-5). First, Plaintiff did not file the complaint within 15 calendar days of receiving the NRF, as required by 29 C.F.R. § 1614.106(b). Instead, Plaintiff filed his complaint 55 days after receiving the NRF (40 days late). Second, OASCR concluded that Plaintiff's reprisal claim did not include any prior protected EEO activity. Instead, Plaintiff alleged that management retaliated against him because he was a witness in a grievance investigation that, OASCR concluded, did not include any EEO allegations. Plaintiff received the FAD on February 17, 2017.

On March 4, 2017, Plaintiff filed an appeal with the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"). Plaintiff's former attorney, Nelson Berardinelli, filed an appeal brief on May 3, 2017. (ECF No. 9-6). On May 23, 2017, OFO issued a Decision affirming the FAD's dismissal on the grounds of untimeliness. (ECF No. 9-7) The

Decision stated, "While Plaintiff asserts that the delay was due to him waiting for a response to his FOIA request, we find that this is insufficient justification for extending the time limit." (Id.).

Plaintiff does not dispute the foregoing timeline, or any of the facts stated therein. Instead, Plaintiff argues that the doctrine of equitable tolling should be applied to preserve his discrimination claims, because he "sincerely and genuinely believed" he would need the documentation he requested in his FOIA request "to properly state his claim in the EEO complaint," and that his "failure to file the complaint within the 15-day time frame was not one of negligence, but of trying to provide the agency with all the information possible to properly support his claims with truth and veracity so that the agency may reach a just a speedy resolution." (ECF NO. 13, at p. 4). As cogent as this argument may be, it is, nonetheless, unavailing.

According to the Third Circuit, "courts must be sparing in their use of equitable tolling." Seitzinger v. Reading Hosp. and Medical Center, 165 F.3d 236, 239 (3d Cir. 1999). The Supreme Court of the United States has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Additionally, the Third Circuit has primarily applied equitable tolling in three situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her own rights; [or] (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994) (citations omitted). A plaintiff must also demonstrate that he "exercise[d] due diligence in

preserving his legal rights." Irwin, 498 U.S. at 96; see also Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998).

Here, Plaintiff offers no facts that merit the application of equitable tolling to his claims. Despite his best efforts, Plaintiff has failed to show that he was in some "extraordinary way" prevented from meeting the filing deadlines. Although he may have "genuinely and sincerely believed" that he needed the documentation from his FOIA request to fully prepare his EEO complaint, there was nothing stopping him from filing a timely complaint and later supplementing it with the information received from his FOIA request. Indeed, Plaintiff was obviously aware of his need to file a complaint within fifteen days of his receipt of the NRF, and even acknowledged that he knowingly missed the deadline due to the tardy response to his FOIA request (See ECF No. 9-3). Although Plaintiff's circumstances are unfortunate and the result of may seem harsh, the Third Circuit has held that a complaint filed "even one day late is time-barred." Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Thus, Defendant is entitled to summary judgment as to Plaintiff's federal claims due to Plaintiff's failure to exhaust administrative remedies.

An appropriate Order will follow.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 13, 2018